**BRESSLER, AMERY & ROSS, P.C.**
325 Columbia Turnpike
Florham Park, New Jersey 07932
(973) 514-1200 (phone)
(973) 514-1660 (facsimile)
*Attorneys for Defendants*
*Estes Express Lines Corporation and Robert Colpitts*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JARAD DILLARD,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT COLPITTS and ESTES EXPRESS LINES CORPORATION and ABC CORP. #1, the unidentified owner of trailer 1 and ABC CORP. #2, the unidentified owner of trailer 2 and JOHN DOE #1-10 (fictitious names designating the owner and/or operator) and ABC CORP. #3-10 (fictitious corporations designated as owners and/or operators),<br><br>Defendants. | Civil Action No.: 21-20762<br><br>**NOTICE OF REMOVAL**<br>**(Diversity)** |

Defendants Estes Express Lines Corporation ("Estes") and Robert Colpitts ("Colpitts") (collectively, "Defendants") through their counsel, pursuant to 28 U.S.C. §§ 1332, 1367, 1441 and 1446, and with a full reservation of any and all rights, claims, objections and defenses, hereby file this Notice of Removal from Superior Court of New Jersey, Law Division, Mercer County, in which the action is now pending under Docket Number MER-L-002519-21 to the United States District Court for the District of New Jersey, and respectfully state:

**THE REMOVED CASE**

1. On or about December 1, 2021, there was commenced and is now pending before the Superior Court of the State of New Jersey, County of Mercer, a civil action entitled Dillard v.

Colpitts, et al., Docket No. MER-L-002519-21 (hereinafter, "State Court Action"). A true copy of the Complaint filed in that matter is attached as Exhibit 1.

**JURISDICTION AND GROUNDS FOR REMOVAL**

2. This action is a civil action removable to this Court pursuant to 28 U.S.C. § 1441 because this Court has original jurisdiction over this cause under 28 U.S.C. § 1332(a)(1).

3. Based upon the Complaint, Plaintiff is an individual and citizen of the Commonwealth of Pennsylvania residing in the City or North Wales, Montgomery County, Pennsylvania.

4. Defendant Estes is a corporation of the Commonwealth of Virginia, having its principal place of business at 1100 Commerce Road, Richmond, Virginia.

5. Defendant Colpitts is an individual and citizen of the State of New York residing at 3581 Carman Road, Apt. 3, Schenectady, New York 12303.

6. Accordingly, the diversity of citizenship requirement is satisfied pursuant to 28 U.S.C. § 1332(a)(1) and (c).

7. Plaintiff asserts in the Complaint personal injury due to negligence in the operation of a motor vehicle resulting in pain, suffering, medical expenses, and economic losses. Although the Complaint does not state the monetary amount that Plaintiff seeks in relief, Plaintiff alleges serious and permanent injuries that affect Plaintiff's ability to engage in everyday activities. Plaintiff also seeks damages for pain, suffering, medical expenses and economic losses against the Defendants.

8. Accordingly, in light of Plaintiff's complaints and the fact that the accident involved a tractor trailer, Defendants have a good-faith basis to believe that the matter in controversy in this action exceeds the sum or value of $75,000, exclusive of interest and costs.

Thus, the amount in controversy requirement is satisfied pursuant to 28 U.S.C. § 1322(a). This action is, therefore, a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332 and one which may be removed by Defendants pursuant to 28 U.S.C. §§ 1441(b) and 1446 in that it is a civil action wherein the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different states.

**THE REMOVAL IS TIMELY AND PROCEDURALLY PROPER**

9. Plaintiff filed his Complaint in state court on or around December 1, 2021.

10. Defendant Colpitts was served with a copy of a Summons and Complaint and Jury Demand on or about December 3, 2021. Defendant Estes has not yet been served. Defendants did not receive the Complaint prior to Defendant Colpitts's receipt of same. Therefore, this Notice of Removal is filed within 30 days of first notice of the lawsuit and less than one year after commencement of the State Court Action. As such, it is timely under 28 U.S.C. § 1446(b).

11. All defendants consent to the removal of this action to the United States District Court for the District of New Jersey.

12. Pursuant to Fed. R. Civ. P. 81(c)(2)(C), Defendants' Answer to the Complaint is not due to be served until January 6, 2022.

**FILING OF REMOVAL PAPERS**

13. Pursuant to 28 U.S.C. § 1446(d), Defendants concurrently herewith give written notice of filing of this Notice of Removal to the Plaintiff and to the Superior Court, Mercer County, New Jersey. A copy of that Notice is attached to this Removal. (See Exhibit 2 (without exhibits)).

**WHEREFORE**, Defendants Estes Express Lines Corporation and Robert Colpitts hereby remove Docket Number MER-L-002519-21 from the Superior Court of New Jersey, Law Division, Mercer County to this Court for determination and respectfully request that this Court

make and enter an Order of Removal.

Respectfully submitted,

**BRESSLER, AMERY & ROSS, P.C.**
*Attorneys for Defendants*
*Estes Express Lines Corporation and Robert Colpitts*

By: ______________________________
MaryJane Dobbs

Dated: December 30, 2021

**LOCAL RULE 11.2 CERTIFICATION**

Pursuant to Local Civil Rule 11.2, the undersigned hereby certifies that, at the time of filing the within, the undersigned is not aware that the matter in controversy is the subject of actions pending in any other court, or of any pending arbitration or administrative proceeding, except as disclosed herein.

Respectfully submitted,

**BRESSLER, AMERY & ROSS, P.C.**
*Attorneys for Defendants*
*Estes Express Lines Corporation and Robert Colpitts*

By: ______________________________
MaryJane Dobbs

Dated: December 30, 2021

**CERTIFICATE OF SERVICE**

On this day, I certify that a copy of the above and foregoing notice was caused to be filed by ECF. I also hereby certify that a true copy of the above and foregoing notice was electronically filed by e-Courts with the Clerk's Office, Superior Court of New Jersey, Mercer County, Mercer County Courthouse, 175 South Broad Street, Trenton, New Jersey 08650-0068.

I also hereby certify that a true copy of the above and foregoing notice was delivered by electronic and first class mail to:

Marc F. Greenfield, Esq.
Spear, Greenfield, Richman, Weitz & Taggart, P.C.
10,000 Lincoln Drive East
One Greentree Centre, Suite 201
Marlton, New Jersey 08053
*Attorneys for Plaintiff*
*Jarad Dillard*

Emily J. Bordens

Dated: December 30, 2021

# EXHIBIT 1

**SPEAR, GREENFIELD, RICHMAN, WEITZ & TAGGART, P.C.**
**BY: MARC F. GREENFIELD, ESQUIRE**
I.D. NO.: MFG-033261991
One Greentree Centre, Suite 201
10,000 Lincoln Drive East
Marlton, NJ 08053
(856) 985-4663
Attorney for Plaintiff

| | |
|---|---|
| **JARAD DILLARD**<br>v.<br>**ROBERT COLPITTS**<br>and<br>**ESTES EXPRESS LINES CORPORATION**<br>and<br>**ABC CORP. #1, the unidentified owner of trailer 1**<br>and<br>**ABC CORP. #2, the unidentified owner of trailer 2**<br>and<br>**JOHN DOE #1-10 (fictitious names designating the owner and/or operator)**<br>and<br>**ABC CORP. #3-10 (fictitious corporations designated as owners and/or operators)** | : **SUPERIOR COURT OF NEW JERSEY**<br>: **LAW DIVISION**<br>: **MERCER COUNTY**<br>: **CIVIL ACTION COMPLAINT**<br>: **JURY TRIAL DEMANDED** |

Plaintiff, Jarad Dillard, is a citizen and resident of the City of North Wales, in the County of Montgomery, in the Commonwealth of Pennsylvania, and by way of Complaint against defendants, says:

**FIRST COUNT**
**Jarad Dillard v. Robert Colpitts**

1. On or about August 27, 2020, the Plaintiff was the operator of a motor vehicle which was traveling at or near New Jersey Turnpike SNO at MP 62.7, in the Township of Robbinsville and County of Mercer, in the State of New Jersey.

2. At the aforesaid time and place, Defendant carelessly and negligently operated and maintained defendant's motor vehicle, causing injury to Plaintiff.

3. As a result of the negligence of the Defendant, Plaintiff sustained diverse personal injuries of both a permanent and temporary nature, endured and will endure great pain, have been and will be compelled to expend large sums of money for physicians and other help in an attempt to cure Plaintiff's said injuries, have been and will be prevented from attending to Plaintiff's normal business and affairs, and have been otherwise damaged.

**WHEREFORE**, Plaintiff demands judgment against the Defendant for such sums as would reasonably and properly compensate Plaintiff in accordance with the laws of the State of New Jersey, together with interest and cost of suit.

**SECOND COUNT**
**Jarad Dillard v. Estes Express Lines Corporation**

1. Plaintiff repeats each and every allegation contained in the First Count of this Complaint as though set forth at length herein.

2. On or about August 27, 2020, the Plaintiff was the operator of a motor vehicle which was traveling at or near New Jersey Turnpike SNO at MP 62.7, in the Township of Robbinsville and County of Mercer, in the State of New Jersey.

3. At the aforesaid time and place, Defendant, Estes Express Lines Corporation, was the owner of a motor vehicle which was being operated by Defendant, Robert Colpitts, as an agent, servant and/or employee, and with the consent and permission of Defendant, Estes Express Lines Corporation.

4. The Defendant, Estes Express Lines Corporation, negligently entrusted Defendant, Robert Colpitts, with the operation of Defendant's motor vehicle and/or negligently allowed the keys for Defendant's vehicle to come into the possession of Defendant, Robert Colpitts, thereby permitting Defendant, Robert Colpitts, to operate Defendant's vehicle at the time of accident.

5. The Defendants, Estes Express Lines Corporation, and Robert Colpitts, carelessly negligently and recklessly maintained and operated their motor vehicle as to cause a collision.

6. As a result of the negligence of the Defendant, Estes Express Lines Corporation, Plaintiff sustained diverse personal injuries of both a permanent and temporary nature, endured and will endure great pain, have been and will be compelled to expend large sums of money for physicians and other help in an attempt to cure Plaintiff's said injuries, have been and will be prevented from attending to Plaintiff's normal business and affairs, and have been otherwise damaged.

**WHEREFORE**, Plaintiff demands judgment against the Defendant for such sums as would reasonably and properly compensate Plaintiff in accordance with the laws of the State of New Jersey, together with interest and cost of suit.

**THIRD COUNT**
**Jarad Dillard v. ABC CORP. #1, the unidentified owner of trailer 1**

1. Plaintiff repeats each and every allegation contained in the First and Second Counts of this Complaint as though set forth at length herein.

2. On or about August 27, 2020, the Plaintiff was the operator of a motor vehicle which was traveling at or near New Jersey Turnpike SNO at MP 62.7, in the Township of Robbinsville and County of Mercer, in the State of New Jersey.

3. At the aforesaid time and place, Defendant, ABC CORP. #1, the unidentified owner of trailer 1, was the owner of a motor vehicle which was being operated by Defendant, Robert Colpitts, as an agent, servant and/or employee, and with the consent and permission of Defendant, ABC CORP. #1, the unidentified owner of trailer 1.

4. The Defendants carelessly and negligently maintained and operated their motor vehicle as to cause a collision.

5. The Defendant, ABC CORP. #1, the unidentified owner of trailer 1, negligently entrusted Defendant, Robert Colpitts, with the operation of Defendant's motor vehicle and/or negligently allowed the keys for Defendant's vehicle to come into the possession of Defendant, Robert Colpitts, thereby permitting Defendant, Robert Colpitts, to operate Defendant's vehicle at the time of accident.

6. As a result of the negligence of the Defendant, Plaintiff sustained diverse personal injuries of both a permanent and temporary nature, endured and will endure great pain, have been and will be compelled to expend large sums of money for physicians and other help in an attempt to cure Plaintiff's said injuries, have been and will be prevented from attending to Plaintiff's normal business and affairs, and have been otherwise damaged.

**WHEREFORE**, Plaintiff demands judgment against the Defendant for such sums as would reasonably and properly compensate Plaintiff in accordance with the laws of the State of New Jersey, together with interest and cost of suit.

**FOURTH COUNT**
**Jarad Dillard v. ABC CORP. #2, the unidentified owner of trailer 2**

1. Plaintiff repeats each and every allegation contained in the First through Third Counts of this Complaint as though set forth at length herein.

2. On or about August 27, 2020, the Plaintiff was the operator of a motor vehicle which was traveling at or near New Jersey Turnpike SNO at MP 62.7, in the Township of Robbinsville and County of Mercer, in the State of New Jersey.

3. At the aforesaid time and place, Defendant, ABC CORP. #2, the unidentified owner of trailer 2, was the owner of a motor vehicle which was being operated by Defendant, Robert Colpitts, as an agent, servant and/or employee, and with the consent and permission of Defendant, ABC CORP. #2, the unidentified owner of trailer 2.

4. The Defendants carelessly and negligently maintained and operated their motor vehicle as to cause a collision.

5. The Defendant, ABC CORP. #2, the unidentified owner of trailer 2, negligently entrusted Defendant, Robert Colpitts, with the operation of Defendant's motor vehicle and/or negligently allowed the keys for Defendant's vehicle to come into the possession of Defendant, Robert Colpitts, thereby permitting Defendant, Robert Colpitts, to operate Defendant's vehicle at the time of accident.

6. As a result of the negligence of the Defendant, Plaintiff sustained diverse personal injuries of both a permanent and temporary nature, endured and will endure great pain, have been and will be compelled to expend large sums of money for physicians and other help in an attempt to cure Plaintiff's said injuries, have been and will be prevented from attending to Plaintiff's normal business and affairs, and have been otherwise damaged.

**WHEREFORE**, Plaintiff demands judgment against the Defendant for such sums as would reasonably and properly compensate Plaintiff in accordance with the laws of the State of New Jersey, together with interest and cost of suit.

**FIFTH COUNT**

**Jarad Dillard v. JOHN DOE #1-10 (fictitious names designating the owners and/or operators)**

1. Plaintiff repeats each and every allegation contained in the First through Fourth Counts of this Complaint as though set forth at length herein.

2. On or about August 27, 2020, the Plaintiff was the operator of a motor vehicle which was traveling at or near New Jersey Turnpike SNO at MP 62.7, in the Township of Robbinsville and County of Mercer, in the State of New Jersey.

3. At the aforesaid time and place, Defendant carelessly and negligently operated and maintained defendant's motor vehicle, causing injury to Plaintiff.

4. As a result of the negligence of the Defendant, Plaintiff sustained diverse personal injuries of both a permanent and temporary nature, endured and will endure great pain, have been and will be compelled to expend large sums of money for physicians and other help in an attempt to cure Plaintiff's said injuries, have been and will be prevented from attending to Plaintiff's normal business and affairs, and have been otherwise damaged.

**WHEREFORE**, Plaintiff demands judgment against the Defendant for such sums as would reasonably and properly compensate Plaintiff in accordance with the laws of the State of New Jersey, together with interest and cost of suit.

**SIXTH COUNT**

**Jarad Dillard v. ABC CORP. #3-10 (fictitious corporations designated as owners and/or operators)**

1. Plaintiff repeats each and every allegation contained in the First through Fifth Counts of this Complaint as though set forth at length herein.

2. On or about August 27, 2020, the Plaintiff was the operator of a motor vehicle which was traveling at or near New Jersey Turnpike SNO at MP 62.7, in the Township of Robbinsville and County of Mercer, in the State of New Jersey.

3. At the aforesaid time and place, Defendant, ABC CORP. #3-10 (fictitious corporations designated as owners and/or operators), was the owner of a motor vehicle which was being operated by Defendant, John Doe #1-10 (fictitious names designating the owners and/or operators), as an agent, servant and/or employee, and with the consent and permission of Defendant, ABC CORP. #3-10 (fictitious corporations designated as owners and/or operators).

4. The Defendants carelessly and negligently maintained and operated their motor vehicle as to cause a collision.

5. The Defendant, ABC CORP. #3-10, negligently entrusted Defendant, John Doe #1-10, with the operation of Defendant's motor vehicle and/or negligently allowed the keys for Defendant's vehicle to come into the possession of Defendant, John Doe #1-10, thereby permitting Defendant, John Doe #1-10, to operate Defendant's vehicle at the time of accident.

6. As a result of the negligence of the Defendant, Plaintiff sustained diverse personal injuries of both a permanent and temporary nature, endured and will endure great pain, have been and will be compelled to expend large sums of money for physicians and other help in an attempt to cure Plaintiff's said injuries, have been and will be prevented from attending to Plaintiff's normal business and affairs, and have been otherwise damaged.

**WHEREFORE**, Plaintiff demands judgment against the Defendant for such sums as would reasonably and properly compensate Plaintiff in accordance with the laws of the State of New Jersey, together with interest and cost of suit.

**DEMAND FOR JURY**

PLEASE TAKE NOTICE that the Plaintiff hereby demands a jury trial as to all of the within issues.

11/23/2021
DATED

MARC F. GREENFIELD, ESQUIRE,
Attorney for Plaintiff

**DEMAND FOR DISCOVERY OF INSURANCE COVERAGE**

Pursuant to R. 4;10-2(b), demand is hereby made that you disclose to the undersigned whether there are any insurance agreements or policies under which any person or entity carrying on an insurance business may be liable to satisfy part of all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment.

If so, provide to the undersigned a copy of each policy or agreement, or in the alternative state, under oath or certification; (a) policy number; (b) name and address of insurer; (c)inception and expiration dates; (d) names and addresses of all persons/entities covered; (e) personal injury limits; (f) property damage limits; (g) medical payment limits.

11/23/2021
DATED

MARC F. GREENFIELD, ESQUIRE,
Attorney for Plaintiff

**NOTICE OF NO OTHER ACTION**

Pursuant to **Rule 4:5-1** the Plaintiff's Attorney hereby certifies to the best of his knowledge that there is no other action or arbitration pending in which the matter is controversy is the subject.

11/23/2021
DATED

MARC F. GREENFIELD, ESQUIRE,
Attorney for Plaintiff

**DESIGNATION OF TRIAL COUNSEL**

PLEASE TAKE NOTICE that Marc F. Greenfield, Esquire, is hereby designated trial counsel on behalf of the law firm of Spear, Greenfield, Richman, Weitz & Taggart, P.C., Attorney for Plaintiff, Jarad Dillard.

11/23/2021
DATED

MARC F. GREENFIELD, ESQUIRE,
Attorney for Plaintiff

**DEMAND FOR ANSWERS TO INTERROGATORIES**

Plaintiff, Jarad Dillard demands that Defendant provide answers to interrogatories as follows:

**FORM C and FORM C(1) UNIFORM INTERROGATORIES** as set forth in Appendix II of the New Jersey Court Rules effective September 1, 2016.

**SUPPLEMENTAL INTERROGATORY #1:** Any and all records, bills, and/or summaries of expenses or costs relating to injuries, treatment, property damage or other economic loss of any kind which was incurred by Defendant(s);

**SUPPLEMENTAL INTERROGATORY #2:** Please identify by name address and date all medical providers and hospitals which Defendant(s) presented to as a result of the accident.

11/23/2021
DATED

MARC F. GREENFIELD, ESQUIRE,
Attorney for Plaintiff

## REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Rule 4:18-1, you are hereby requested to produce the below listed documents and/or items photocopies; photograph negatives, will be processed and photographs reproduced. Said documents or tangible things are to be produced at the offices of Spear, Greenfield, Richman, Weitz & Taggart, P.C., 10,000 Lincoln Drive East, One Greentree Centre, Suite 201, Marlton, NJ 08053, and supplemental thereafter in accordance with the time provided by Rule 4:18-1(b). These requests are not directed merely to the person or party whose name appears above, but are meant to include that person's or party's agents, servants, insurers, employers, employees, investigators, attorneys and others similarly situated to the named party or person. In addition, although the request seeks these documents within the next thirty (30) days, the request should also be deemed continuing, in that if there are further materials which come under the purview of any of these

requests which are obtained should also be furnished in accordance with this request
If any document required to be produced by this Request is claimed by you to be not discoverable because it is privileged or for any other reason, then each such document should be identified in your response by date, the subject matter, and the basis for the claim of privilege or other reason should be stated in your Response.

11/23/2021
DATED

MARC F. GREENFIELD, ESQUIRE,
Attorney for Plaintiff

**PLEASE PRODUCE THE FOLLOWING:**

1. The entire claims and investigation file or files of the Plaintiff and/or Defendant, and/or additional Defendant, their counsel or other organization

2. All statements, descriptions of statements, summaries or statements, memoranda, records or writing (signed or unsigned) of any and all witnesses, including any statements from the parties herein, or their respective agents, servants or employees, including tapes or other mechanically transcribed information.

3. All photographs, recordings, films, charts, sketches, graph and diagrams taken and/or prepared.

4. Any and all documents containing the names and addresses of all individuals contacted as potential witnesses.

5. Any and all reports compiled or prepared by an individual who has been retained as an expert in this matter.

6. Any and all police reports, security reports, etc., pertaining to the incident set forth in plaintiff's complaint.

7. The names, home and business addresses of all experts contacted.

8. All writings, memoranda, data and/or tangible things which relate directly or indirectly to the incident and damages set forth in plaintiff's complaint.

9. Any and all memoranda, notes and/or summaries made by the Defendant, additional defendants, any witnesses or other representatives to the incident set forth in plaintiff's complaint.

10. All photographs, diagrams, drawings, reports, statements and each and every other item given to or examined by experts.

11. Any and all insurance policies and insurance files.

12. Any and all records and reports of previous accidents involving the plaintiff, defendant, and/or additional defendants.

13. Any and all medical reports and bills from doctors, hospitals, or other health care providers regarding the plaintiff and sustained by the plaintiff in any previous accidents.

14. Any and all documents, records, evidence and anything whatsoever which will be introduced at Trial for use in direct examination or impeachment.

15. Any and all accident reports or records prepared by the plaintiff/defendant as a result of the incident referred to in plaintiff's complaint.

11/23/2021
DATED

MARC F. GREENFIELD, ESQUIRE,
Attorney for Plaintiff

erh

# EXHIBIT 2

MaryJane Dobbs, Esq. (No. 017121989)
**BRESSLER, AMERY & ROSS, P.C.**
325 Columbia Turnpike
Florham Park, New Jersey 07932
(973) 514-1200 (phone)
(973) 514-1660 (facsimile)
*Attorneys for Defendants*
*Estes Express Lines Corporation and Robert Colpitts*

| | |
|---|---|
| JARAD DILLARD,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT COLPITTS and ESTES EXPRESS LINES CORPORATION and ABC CORP. #1, the unidentified owner of trailer 1 and ABC CORP. #2, the unidentified owner of trailer 2 and JOHN DOE #1-10 (fictitious names designating the owner and/or operator) and ABC CORP. #3-10 (fictitious corporations designated as owners and/or operators),<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>MERCER COUNTY – LAW DIVISION<br>Docket No.: MER-L-002519-21<br><br>Civil Action<br><br>**NOTICE OF FILING OF REMOVAL** |

**TO:** Clerk's Office
Superior Court of New Jersey
Mercer County Courthouse
175 South Broad Street
Trenton, New Jersey 08650-0068

Marc F. Greenfield, Esq.
Spear, Greenfield, Richman, Weitz & Taggart, P.C.
10,000 Lincoln Drive East
One Greentree Centre, Suite 201
Marlton, New Jersey 08053
*Attorneys for Plaintiff*
*Jarad Dillard*

**YOU ARE HEREBY NOTIFIED** that, on or about the 30th day of December, 2021, Defendants Estes Express Lines Corporation and Robert Colpitts (collectively, "Defendants") caused to be filed in the United States District Court for the District of New Jersey a Notice of

Removal removing the above-styled action from the Superior Court of New Jersey, Law Division of Mercer County, New Jersey, to the United States District Court for the District of New Jersey. A copy of the Notice of Removal is attached hereto as Exhibit 1. The filing of this Notice with the Clerk of Superior Court of Mercer County, New Jersey effected immediate removal of this action to the United States District Court for the District of New Jersey.

**PLEASE TAKE FURTHER NOTICE** that this Notice of that filing is given pursuant to the provisions of 28 U.S.C. §1446(d) as amended.

**BRESSLER, AMERY & ROSS, P.C.**
*Attorneys for Defendants*
*Estes Express Lines Corporation and Robert Colpitts*

By: ______________________________
MaryJane Dobbs

Dated: December 30, 2021

**CERTIFICATE OF SERVICE**

On this day, I certify that the above and foregoing notice was caused to be electronically filed by e-Courts with the Clerk of the Superior Court of New Jersey, Mercer County Courthouse, 175 South Broad Street, Trenton, New Jersey 08650-0068.

I also hereby certify that a true copy of the above and foregoing notice was delivered by e-Courts and electronic and first class mail to:

Marc F. Greenfield, Esq.
Spear, Greenfield, Richman, Weitz & Taggart, P.C.
10,000 Lincoln Drive East
One Greentree Centre, Suite 201
Marlton, New Jersey 08053
*Attorneys for Plaintiff*
*Jarad Dillard*

Emily J. Bordens

Dated: December 30, 2021

6705490_1